IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROGER DALE BLEVINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 06-35-SLR |
| | ) Cr. A. No. 03-78-SLR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**[1]

---

Roger Dale Blevins. Pro se petitioner.

David L. Hall, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

May 30, 2007
Wilmington, Delaware

---

[1] This case was originally assigned to the Honorable Kent A. Jordan, and was re-assigned to the undersigned on May 22, 2007.

ROBINSON, Chief Judge

## I. INTRODUCTION

Roger Dale Blevins ("petitioner") filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 43) The government filed its answer in opposition, and petitioner filed a reply. (D.I. 56; D.I. 61) For the reasons discussed, the court will deny petitioner's § 2255 motion without holding an evidentiary hearing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

From July of 2002 through July of 2003, petitioner was the assistant treasurer for the "Citizens for Biden Committee" ("Committee").[2] The Committee was Senator Biden's sole re-election fund and campaign fund committee. As an assistant treasurer for the Committee, petitioner was responsible for maintaining the Committee's books and records, paying bills, and specifically overseeing the Committee's bank accounts. Petitioner was one of two individuals authorized to transfer or withdraw money from the Committee's bank accounts. During the relevant time period, petitioner arranged 23 interstate wire transfers totaling $260,000 from the Committee's accounts for his personal use. (D.I. 53 at 17-20) Petitioner made numerous cash withdrawals and authorized numerous cashier checks for an approximate amount of $65,000, and he also wrote numerous unauthorized checks to himself from the Committee's account for an approximate total of $87,000. Id.

On February 11, 2004, petitioner pled guilty to a two-count information charging him with interstate transportation of stolen property in violation of 18 U.S.C. § 2314 and

---

[2]The facts are summarized from the facts presented by the government during petitioner's change of plea hearing. (D.I. 53 at 17-21)

1

§ 2, and the making of a false statement in violation of 18 U.S.C. § 1001 and § 2. On March 10, 2005, the Honorable Kent A. Jordan sentenced petitioner to 37 months incarceration, three years of supervised release, a $200 mandatory special assessment, and restitution in the amount of $402,720.27. Judge Jordan explained his calculation of the sentencing guidelines range. Petitioner started with a base offense level of 6, which was enhanced 14-levels for the sum of money involved [greater than $400,000], and another 2-levels for abuse of a position of trust, ending with an adjusted offense level of 22. That level was reduced 3 levels due to petitioner's acceptance of responsibility, resulting in a total offense level of 19. Given petitioner's criminal history category of 1, the final sentencing guidelines range in petitioner's case was 30-to-37 months. (D.I. 52 at 9)

Petitioner's only objection at sentencing was the 2-level enhancement for abuse of a position of trust under U.S.S.G. § 3B1.3 asserted in the pre-sentence report; he did not object to the calculation of loss leading to the $402,720.27 restitution figure. (D.I. 52) Petitioner argued that he did not hold a position of trust because other people also had access to the Committee's funds and, therefore, there were procedures in place to catch fraud. The government argued that the only relevant consideration in determining whether to apply the 2-level enhancement for abuse of a position of trust was whether petitioner's "position significantly facilitated either the commission of and/or the concealment of the crime." (D.I. 52 at 6.) After hearing these arguments, Judge Jordan summarized his factual finding as follows:

> [Petitioner] was the person, there may have been other people, but [petitioner] was the one who oversaw bank accounts, who drafted and created those Federal Election Commission reports, and who was essentially responsible for

2

> maintaining the financial books and records. . . . This was a private organization, a committee to reelect a prominent political figure but it consisted of the funds of individuals who, and perhaps organizations who had chosen to exercise their voices in our democratic process by donating money. And [petitioner] was the person who, by all accounts, was primarily on a day-to-day basis entrusted with the responsibility to see that those donations were properly dealt with and he broke that trust.

(D.I. 52 at 4, 9) Judge Jordan concluded that "the fact that other people had positions of trust didn't mean he didn't have one. He had one and abused it and the two-level enhancement that is called for by Section 3B1.3 is appropriate in this matter." Id. at 9. After both parties presented arguments regarding the 18 U.S.C. § 3553 sentencing factors,[3] Judge Jordan concluded by explaining his reasons for imposing the 37 month sentence. (D.I. 52 at 14-19, 27-37)

Petitioner did not file a direct appeal. Instead, petitioner timely filed the instant § 2255 motion in January 2006.

### III. DISCUSSION

#### A. Claim One

In his first claim, petitioner asserts that the Honorable Kent A. Jordan violated the rule against judicial fact-finding established in United States v. Booker, 543 U.S. 220 (2005), by enhancing his sentence two levels for abuse of a position of trust under Section 3B1.3 of the United States Sentencing Guidelines and by requiring him to pay

---

[3] Defense counsel argued that the sentence should be in the range of "one-to-two years rather than the 30-to-37 months," and the government asked the court to follow the discretionary sentencing guidelines and impose the maximum sentence of 37 months. (D.I. 52 at 19, 30)

3

$402,720.27 in restitution.[4] Petitioner claims that his sentence violates <u>Booker</u> because he did not stipulate to the enhancement for abusing a position of trust in his guilty plea agreement and, therefore, he should have received a sentence of 16 months rather than 37 months.[5]

As an initial matter, the court will deny petitioner's <u>Booker</u> challenge to the restitution order as meritless. In <u>United States v. Leahy</u>, 438 F.3d 328, 338 (3d Cir. 2006), the Court of Appeals for the Third Circuit held that the <u>Booker</u> prohibition on judicial fact-finding does not apply to restitution orders.

The court will also deny as meritless petitioner's claim that Judge Jordan violated <u>Booker</u> by applying the two level enhancement for abuse of a position of trust. Pursuant to <u>Booker</u>, a district court does not violate the Sixth Amendment by relying on judge-found facts in enhancing a sentence if the sentencing court recognizes the advisory nature of the sentencing guidelines and the resulting sentence does not exceed the maximum sentence authorized by facts admitted by the defendant or found

---

[4]The record reveals that petitioner procedurally defaulted this claim by failing to raise the issue on direct appeal, and he appears to assert ineffective assistance of counsel as cause for that default. See <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998); <u>United States v. Biberfeld</u>, 957 F.2d 98, 104 (3d Cir. 1992); (D.I. 61). However, because the government does not raise petitioner's procedural default as a defense, the court will review claim one on the merits instead of enforcing the procedural default issue sua sponte. <u>Sweger v. Chesney</u>, 294 F.3d 506, 521 (3d Cir. 2002)(quoting <u>Szuchon v. Lehman</u>, 273 F.3d 299, 312 n.13 (3d Cir. 2001).

[5]Petitioner does not explain how he calculated the 16 month sentence. Additionally, the court notes that petitioner limits his claim to the legality of judicial fact-finding after <u>Booker</u>. Thus, the court will not address the reasonableness of petitioner's sentence or the the factual basis for the two level enhancement and amount of restitution.

4

by a jury. Booker, 543 U.S. at 244; United States v. Miller, 417 F.3d 358, 362-63 (3d Cir. 2005); United States Grier, 475 F.3d 556, 565-66 (3d Cir. 2007). "The relevant statutory maximum . . . [for Booker purposes] is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose **without** any additional findings." Cunningham v. California, 127 S.Ct. 856, 860 (2007)(emphasis contained in original).

Here, there is no dispute that Judge Jordan was aware of the advisory nature of the guidelines in sentencing petitioner post-Booker.[6] Additionally, petitioner's 37 month sentence is well-within the 10 year maximum authorized in 18 U.S.C. §§ 2314 and 2 (count one) and the 5 year maximum authorized in 18 U.S.C. §§ 1001(a)(2) and 2 (count two). See (D.I. 26) Thus, there is no Sixth Amendment violation under Booker.[7]

---

[6]Petitioner's sentencing hearing was originally scheduled for August 2004, after the Supreme Court had rendered its decision in Blakely v. Washington, 542 U.S. 296 (2004). The government filed a motion to continue sentencing because the Supreme Court was expected to issue an expedited decision in Booker on October 4, 2004, clarifying the Blakely holding. Judge Jordan granted the government's motion, and ultimately re-scheduled the sentencing hearing for March 2005 in order to allow the court and the parties time to consider any clarification of Blakely. (D.I. 36; D.I. 38)

Further, at sentencing, after explicitly acknowledge the advisory nature of the sentencing guidelines after Booker, the government argued that Judge Jordan should follow the guidelines. Conversely, defense counsel argued that Judge Jordan should exercise his post-Booker discretion and impose a sentence well below the guideline sentencing range. (D.I. 52 at 19, 28)

[7]In his supporting memorandum, petitioner asserts a rather extensive due process and ex post facto argument as to why Booker should not apply retroactively to his case. (D.I. 44) The "Supreme Court in Booker clearly instructed that [its] holding[] should apply to all cases on direct review." United States v. Pennavaria, 445 F.3d 720, 723 (3d Cir. 2006). Here, petitioner's judgment of conviction did not become final until March 26, 2006, two months after Booker's date of issuance. Therefore, Booker clearly applies to petitioner's case.

**B. Claim Two**

In his second claim, petitioner contends that defense counsel should have raised the <u>Booker</u> issues during sentencing and on appeal because the <u>Booker</u> holding was relatively new when petitioner's right to appeal became ripe and the Third Circuit had not yet addressed the issue of judicial fact-finding after <u>Booker</u>. In order to establish a successful ineffective assistance of counsel claim, petitioner must satisfy the two-pronged standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Under <u>Strickland</u>'s first prong, petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. <u>Strickland</u>, 466 U.S. at 688. The second prong requires petitioner to demonstrate "there is a reasonable probability that, but for counsel's error the result would have been different." <u>Id.</u> at 687-96. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." <u>Id.</u> at 688. When applying the <u>Strickland</u> test, courts must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. <u>Id.</u> at 688-89.

As previously explained, the <u>Booker</u> opinion itself explicitly asserts that there is no Sixth Amendment violation if a sentencing judge finds facts in an advisory guideline system and such findings do not increase the statutory maximum sentence. <u>See</u> <u>supra</u> pp. 4-5. The enhanced 37 month sentence imposed in petitioner's case falls well-within the maximum statutory sentences for petitioner's convictions. Therefore, petitioner cannot demonstrate that counsel performed deficiently by failing to raise a meritless objection to the judicial fact-finding involved in applying the 2-level enhancement. <u>See</u>

6

Parrish v. Fulcomer, 150 F.3d 326, 328 (3d Cir. 1998). Accordingly, the court will deny petitioner's ineffective assistance of counsel claim.[8]

### C. Evidentiary Hearing

Section 2255 requires a district court to hold a prompt evidentiary hearing on a 2255 motion unless the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; see also United States v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005); United States v. McCoy, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. Additionally, the Third Circuit has expressed a preference for an evidentiary hearing when a "defendant is convicted of a crime and alleges that his lawyer failed to appeal the conviction, and there is a potential factual dispute on this issue, the defendant is entitled to a hearing before the District Court to prove that he made the request and that the lawyer failed to honor it." Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001). However, a defendant is not entitled to an evidentiary hearing if the ineffective assistance allegations are contradicted by the record or if the allegations are patently frivolous. Id.

As previously explained, the record conclusively demonstrates that petitioner is not entitled to relief on his Booker claim. With respect to his ineffective assistance of counsel claim, petitioner does not allege that counsel failed to file an appeal despite petitioner's request to do so. Rather, petitioner alleges that counsel acknowledged in hindsight that she should have raised the Booker issues on appeal given the newness

---

[8]During the sentencing hearing, defense counsel expressly argued for a variance from the guideline range. Counsel's argument was consistent with Booker's recognition of a court's discretion to sentence outside the guideline range in a now-advisory guidelines system.

7

of the Booker decision. For the reasons expressed in the text of the opinion, the record likewise conclusively demonstrates that petitioner is not entitled to relief on his ineffective assistance of counsel claim. Therefore, the court will deny petitioner's § 2255 motion without an evidentiary hearing.

## IV. CONCLUSION

For the reasons stated, the court will dismiss petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence without an evidentiary hearing. Additionally, the court will not issue a certificate of appealability because petitioner's § 2255 motion fails to assert a constitutional claim that can be redressed, and reasonable jurists would not find this assessment debatable. See 28 U.S.C. § 2253(c)(2)(A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right."); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Fed. R. App. P. 22; Local App. R. 22.2. The court shall issue an appropriate order.